UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. BANK TRUST
NATIONAL ASSOCIATION,

      Plaintiff,

Case No. 3:25-cv-642-MMH-MCR

v.

ERICK J. ALANIZ, et al.,

      Defendants.

_____/

**O R D E R**

     **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 10, 2025, Defendant Erick J. Alaniz filed a notice of removal removing this action from state court. See Notice of Removal (Doc. 1; Notice). In the Notice, Alaniz invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 1. Upon review of the Notice, the Court finds that it is deficient in several ways. As such, the Court will order Alaniz to provide this Court with additional information necessary to establish jurisdiction and will also set a deadline for Plaintiff, U.S. Bank Trust National Association, to file a motion to remand if it chooses to do so.

When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). For a district court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In order to establish diversity jurisdiction over a natural person, a party must include allegations of the person's citizenship, not merely where the person resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment … to which he has the intention of returning whenever he is absent therefrom." McCormick v.

2

Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). A corporation, on the other hand, is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). And, a corporation's principal place of business "will typically be found at a corporation's headquarters." Hertz, 559 U.S. at 81.

This action is a foreclosure action with four named Defendants. See Verified Complaint for Mortgage Foreclosure (Doc. 3; Complaint), filed in state court on May 16, 2025. In addition to Alaniz, one other Defendant, Emily Alaniz, appears to be a natural person. The other two named Defendants, Sons of Light Ministry (Sons of Light) and Bartram Creek Homeowners Association, Inc. (Bartram Creek), appear to be corporate entities. In the Notice, Alaniz failed to allege the citizenship of each party. Indeed, the only piece of information relating to Alaniz's own citizenship is his signature block, which includes a Florida address. See Notice at 1. But at most, this indicates that Alaniz is a Florida resident, which is not enough to establish his citizenship. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not

3

necessarily synonymous with 'residence[.]'" (citation omitted)). As far as the Court can tell, the only other information Alaniz provided concerning the citizenship of any other party is a SunBiz report showing that Bartram Creek is incorporated in Florida with a principal address in Florida. See Complaint at 37. But the principal address a corporation registers with the State of Florida may not be the same as the principal place of business for purposes of diversity jurisdiction. See Hertz, 559 U.S. at 93 (a corporation is a citizen of the state where it maintains its corporate headquarters "provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings"). Accordingly, Alaniz's Notice is insufficient to establish any party's citizenship for diversity purposes. As such, the Court will direct Alaniz to provide additional information concerning the citizenships of all parties.[1]

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We

In addition to his failure to properly identify the citizenships of the parties, Alaniz did not comply with the proper procedure for removal. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Thus, in cases involving multiple defendants, the removing defendant must obtain the consent of all other defendants who have been properly served at the time of removal. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044, 1049 (11th Cir. 2001) (abrogation on other grounds recognized by Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194 (11th Cir. 2019)); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1261 n.9 (5th Cir. 1988). Here, Alaniz provided returns of service indicating that Bartram Creek and Sons of Light have been served. See Returns of Service (Doc. 1-1) at 95, 106. Yet in the Notice, Alaniz failed to indicate whether Bartram Creek and Sons of Light consent to removal. See Notice. As such, Alaniz's removal of this action violated the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A).

Moreover, it appears that the removal of this action to federal court may have violated the forum defendant rule. Specifically, 28 U.S.C. § 1441(b)(2)

---

must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

provides in pertinent part that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In accordance with this statute, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." Caterpillar v. Lewis, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction … if any of the properly joined defendants are citizens of the state in which the suit was originally filed"). Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is a citizen of the state in which the action was filed. See Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). As discussed above, Alaniz failed to identify the citizenship of any Defendant. However, the information Alaniz did provide indicates that he and Bartram Creek may both be citizens of Florida, the forum state. If so, removal of this action is barred by § 1441(b)(2).

Nonetheless, failure to comply with the unanimity requirement and the bar on removal by forum defendants are both procedural and not jurisdictional defects. See Russell Corp., 264 F.3d at 1044 (failure to satisfy the unanimity

6

requirement is a procedural defect); In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) (same); U.S. Bank Nat'l Assoc. v. Smith, 693 F. App'x 827, 829 (11th Cir. 2017) (per curiam) (removal by a forum defendant is a procedural defect) (citing Pacheco de Perez, 139 F.3d at 1372 n.4).[2] As such, the Court will not sua sponte remand the case based on these errors. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam) ("[T]he district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction."). "Instead, if the only basis for remand is a procedural defect, then a court must wait for the plaintiff to file a timely motion to remand." U.S. Bank Nat'l Assoc., 693 F. App'x at 829. Notably, procedural defects may be waived if a plaintiff fails to move to remand within thirty days of the removal. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001); see also 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED**:

---

[2] In citing to U.S. Bank National Association, the Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1. On or before **July 15, 2025**, Defendant Erick Alaniz shall provide additional information demonstrating the citizenship of each party to this action in accordance with the law set forth in this Order.

2. Plaintiff, U.S. Bank Trust National Association, shall have up to and including **July 10, 2025**, to file a motion to remand in this action, if it so chooses.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of June, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record