UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. BANK TRUST
NATIONAL ASSOCIATION,

      Plaintiff,

Case No. 3:25-cv-642-MMH-MCR

v.

ERICK J. ALANIZ, et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On June 30, 2025, Defendant Erick Alaniz filed a motion to dismiss Plaintiff's complaint. See Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 5; Motion to Dismiss); see also Verified Complaint for Mortgage Foreclosure (Doc. 3), filed in state court on May 16, 2025. The same day, he also filed a Motion to Show Cause (Doc. 6) asking the Court to order Plaintiff to show cause why this action should not be dismissed. See Motion to Show Cause at 1. Upon review of the Motion to Dismiss and the Motion to Show Cause, the Court finds that they are deficient in several ways. As such, the Motion to Dismiss is due to be denied without prejudice and the Motion to Show Cause is due to be stricken.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Notably, all filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure (Federal Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules are available online and in state court law libraries.

Alaniz's Motions both violate Local Rule 1.08, which requires parties, in all filings with the Court, to use certain typefaces, font sizes, and spacing to ensure readability and equal content within page limits. See generally Motion to Dismiss; Motion to Show Cause. In addition, each Motion lacks the certificate of conferral required under Local Rule 3.01(g). Local Rule 3.01(g) requires that before a party files a motion (with some exceptions not relevant here), the party must confer with opposing counsel in a good-faith effort to resolve the issues raised by the motion. In the motion, the movant must include a certification indicating how the conferral took place and whether the opposing party agrees to the relief requested.

Additionally, in both Motions, Alaniz cites repeatedly to various rules of the Florida Rules of Civil Procedure. These rules are not applicable to proceedings in federal court. Instead, the Federal Rules set forth the procedures to be followed in federal court. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts," with limited exceptions not applicable here). In future filings, Alaniz should not rely on the Florida Rules of Civil Procedure.

As to the Motion to Show Cause, it is improper to file a motion asking the Court to order a party to show cause why a complaint should not be dismissed because the proper vehicle to seek dismissal is a motion to dismiss under Federal Rule 12(b). Indeed, Alaniz's arguments in the Motion to Show Cause appear largely duplicative of those he raises in the Motion to Dismiss. All arguments directed at dismissal of a complaint should be raised in a motion to dismiss under Federal Rule 12(b), not under a separate motion to show cause why the complaint should not be dismissed. In light of the foregoing, the Motion to Dismiss is due to be denied without prejudice to Alaniz filing a motion that complies with all applicable Federal Rules and Local Rules and the Motion to Show Cause is due to be stricken.

Additionally, as the Court noted in its earlier Order directing Alaniz to provide additional information necessary for the Court to establish that it has subject matter jurisdiction over this action, it does not appear that Alaniz

3

obtained the consent of all properly joined and served defendants before removing this action from state court. See Order (Doc. 4; Jurisdiction Order), entered June 25, 2025, at 5. Notably, in his Notice of Removal (Doc. 1; Notice), filed June 10, 2025, "Alaniz failed to indicate whether [the served defendants] Bartram Creek and Sons of Light consent to removal. … As such, Alaniz's removal of this action violated the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A)." See Jurisdiction Order at 5. Because the unanimity requirement is a procedural defect, the Court will not sua sponte remand based on this error. If Plaintiff wishes to file a motion to remand based on this or another procedural defect, Plaintiff must file its motion on or before **July 10, 2025**.[1]

Accordingly, it is

**ORDERED**:

1. Defendant Erick Alaniz's Motion to Dismiss (Doc. 5) is **DENIED WITHOUT PREJUDICE**.

2. Alaniz's Motion to Show Cause (Doc. 6) is **STRICKEN**.

---

[1] The Court notes that Alaniz's removal of this action appears to also violate the forum defendant rule. See Jurisdiction Order at 5–6.

4

3. Plaintiff, U.S. Bank Trust National Association, shall have up to and including **July 10, 2025**, to file a motion to remand in this action, if it so chooses.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of July, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

5