**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

U.S. BANK TRUST
NATIONAL ASSOCIATION,

    Plaintiff,

v.                                       Case No. 3:25-cv-642-MMH-MCR

ERICK J. ALANIZ, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand to Circuit Court (Doc. 9; Motion), filed July 9, 2025. After the Court sua sponte extended the time for Defendants Erick Alaniz and Emily Alaniz to respond to the Motion, see Order to Show Cause (Doc. 16), filed August 6, 2025, Erick Alaniz filed a timely response opposing the Motion. See Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 17; Response), filed August 20, 2025.[1] Accordingly, this matter is ripe for review.

On June 10, 2025, Erick Alaniz filed a notice of removal purporting to remove this action from the state court in which Plaintiff filed the action. See

---

[1] The Court also directed Erick Alaniz and Emily Alaniz to show cause why this action should not be remanded. See Order to Show Cause at 1. The Court construes the Response as responsive to the Order to Show Cause.

Notice of Removal (Doc. 1; Notice). In the Notice, Erick Alaniz contends the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See generally Notice. In the Motion, however, Plaintiff argues that this action is due to be remanded because, among other reasons, Erick Alaniz is a citizen of the state of Florida and the removal statute does not permit removal premised solely on diversity jurisdiction when any properly joined and served defendant is a citizen of the state in which the action is brought. See Motion at 3–4; see also Order (Doc. 4; Jurisdiction Order), entered June 25, 2025, at 5–6 (noting that Erick Alaniz's removal of this action may have violated the forum defendant rule). In his Response, Erick Alaniz does not discuss the forum defendant rule and instead argues that the Court may properly exercise subject matter jurisdiction and that federal courts may not remand actions when the exercise of subject matter jurisdiction is proper. See generally Response.

28 U.S.C. § 1141(b)(2), the forum defendant rule, provides that an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68–69 (1996). By his own admission, Erick Alaniz is a citizen of Florida, the state in which this "action is brought." See Supplement to Notice of Removal Regarding Defendants' Domicile (Doc. 11; Jurisdiction Response), filed July 11, 2025, at 2 ("Erick J. Alaniz is domiciled in Florida" as evidenced

2

by the fact he lives in Florida and he "[h]as expressed intent to remain in Florida indefinitely"). As such, Erick Alaniz's removal of this action violated the forum defendant rule, and this action is due to be remanded to the state court in which it was filed.[2]

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Remand to Circuit Court (Doc. 9) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

---

[2] In the Jurisdiction Order, the Court ordered Erick Alaniz to provide additional information to support the exercise of diversity jurisdiction over this action. See Jurisdiction Order at 3–4. Similarly, in the Motion, Plaintiff contends that Erick Alaniz has failed to establish that the exercise of diversity jurisdiction would be proper. See Motion at 2–3. Considering Erick Alaniz's responses to the Jurisdiction Order and the Motion, the Court still has serious doubts as to whether the exercise of diversity jurisdiction would be proper. That said, the Court need not resolve this issue because even if jurisdiction is proper, removal would be barred under the forum defendant rule. See 28 U.S.C. § 1441(b)(2); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("Diversity will not support removal jurisdiction, however, if any of the properly joined defendants are citizens of the state in which the suit was originally filed.").

Additionally, Erick Alaniz has attempted to appear in this action on behalf of a corporation, Sons of Light Ministry. See Consent to Removal (Doc. 10), filed July 11, 2025, at 3. But Erick Alaniz is not admitted to practice as a lawyer before this Court and a corporation may not represent itself. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Because this attempt to file a document on behalf of Sons of Light Ministry was improper, the Court notes that the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) is also not satisfied. See Jurisdiction Order at 5 (explaining that "in cases involving multiple defendants, the removing defendant must obtain the consent of all other defendants who have been properly served at the time of removal").

3. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

4. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of September, 2025.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida